UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVINE OLIVER,
    Plaintiff,

vs.                                              04-3199

INMATE KYLE BEATY, SHERIFF
ROBERT E. KINDERMAN, and CHIEF
DEPUTY DAVID L. MAHAN,
    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants, Sheriff Robert E. Kinderman and Chief Deputy David L. Mahan's summary judgment motion [50] and the plaintiff's response [52].

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue

1

for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

### Background

The plaintiff, Oliver Devine brings this action against the defendants, Christian County Sheriff Robert Kinderman , Christian County Chief Deputy Sheriff David Mahan, alleging constitutional violations under §1983. He alleges a state claim against the defendant, Kyle Beaty, an inmate.

In his complaint, the plaintiff claims that defendants David L. Mahan and Robert E. Kinderman failed to protect him although he wrote several grievances to Mahan and Kinderman regarding Inmate Kyle Beaty's conduct and verbal threats made against the plaintiff. The plaintiff claims Mahan and Kinderman did not take his grievances seriously, did not respond and failed to protect him in violations of his constitutional rights. The plaintiff claims that Kyle Beaty physically attacked him on May 31, 2004. The plaintiff claims that Inmate Kyle Beaty assaulted him causing a swollen esophagus, temporary loss of hearing in one ear and broken eyeglasses.

The plaintiff claims Kinderman and Mahan were deliberately indifferent to his serious medical needs when they denied his requests for medical treatment for a loss of hearing in one ear, sore throat and swollen esophagus after being involved in the altercation with Beaty.

The plaintiff also claims that the defendants, Kinderman and Mahan discriminated against him due to his race and sexual orientation when he was placed in a female cell after being attacked by defendant Kyle Beaty. The plaintiff also claims Kinderman and Mahan retaliated against him when he was transferred to the female cell and when he was transferred to another institution. The plaintiff claims this is where "discrimination because of his race and sexual orientation took place and violations of his legal constitutional rights took place also." In his complaint, the plaintiff specifically states that after the assault, c/o Jim told him to pack his stuff and he was moving the plaintiff for his safety. He asked why he was being moved instead of Kyle because the plaintiff was the one attacked. The plaintiff claims he was moved to the female cellblock next to the females in a dirty cell where he killed several big spiders. He was unable to sleep until correctional staff provided the plaintiff with cleaning materials to clean the cell up. The plaintiff does not allege that either Mahan or Kinderman were involved in his placement in the female cell. In fact, when he complained in his June 1, 2004 grievance to Kinderman about his placement in the female cell, Kinderman responded the next day, June 2, 2004 and advised the plaintiff that he would be moved "today." Further, the plaintiff claims his transfer to another cell resulted in a loss of inmate privileges such as television, phone, and

comradery with other inmates. The plaintiff claims the loss of these privileges amount to the level of significant hardship to ordinary incidents of prison life. The plaintiff also claims that he could not phone his attorney to advise him about the disciplinary for the assault incident because the phone was not working where he was housed.

In their summary judgment motion, the defendants, Kinderman and Mahan state that essentially, the plaintiff was moved from his cell after engaging in contact with another inmate. The plaintiff was placed in another cell for approximately two days. The plaintiff stated his ear was "closed up" and his throat hurt. Kinderman and Mahan assert that the plaintiff was simply not in need of medical care. Further, the defendants maintain the plaintiff was not injured and not in need of a doctor's visit, that the plaintiff's transfer to a holding cell for two days was not legally improper, that the U.S. Marshal Service, not the defendants, transferred the plaintiff to Sangamon County Jail and that the defendants did not impose an atypical or significant hardship to the ordinary incidents of prison life on the plaintiff. Kinderman and Mahan assert that they did not violate the constitutional rights of the plaintiff and all treatment was well within federal law. The defendants request this court to grant summary judgment in their favor and dismiss the plaintiff's claims against them with prejudice, award attorney's fees and any other relief the court deems just and appropriate.

## Undisputed Material Facts

1. On May 31, 2004, Plaintiff was a federal detainee housed in the bullpen area of the Christian County Jail, Christian County, Illinois. (Plaintiff's Complaint ¶ 1).
2. On the above day, Plaintiff became involved in an altercation with another inmate, Co-Defendant, Kyle Beaty. During the altercation, Plaintiff was struck on the side of his head with a fist and grabbed by his throat. (Plaintiff's Complaint ¶ 1).
3. Soon after the incident, Plaintiff was removed from the bullpen and placed alone in a single person cell at the Christian County Jail. (Plaintiff's Complaint ¶ 1). In his complaint, the plaintiff alleges that the cell was a dirty, filthy female cell.
4. On June 2, 2004, the plaintiff requested and was transferred to another cell with fellow inmates on June 2, 2004. (Affidavit of Robert Kinderman ¶ 8); (Affidavit of David Mahan ¶ 8).
5. Plaintiff exhibited no visible injury to his person. (Affidavit of Robert Kinderman ¶ 8 & 9); (Affidavit of David Mahan ¶ 8 & 9).
6. Plaintiff's neck was not broken. (Deposition Excerpt of Plaintiff pg. 35 ¶ 20-21).
7. Plaintiff was not bleeding. (Deposition Excerpt of Plaintiff pg. 43 ¶ 9-11).
8. Plaintiff was not bleeding from his ear. (Deposition Excerpt of Plaintiff pg. 56 ¶ 18-21).
9. Plaintiff was not coughing up blood. (Deposition Excerpt of Plaintiff pg. 57 ¶ 7-9).
10. Plaintiff's only complaint was of a sore throat and trouble hearing out of his right ear. (Plaintiff's Complaint ¶ 1).
11. On June 9, 2004, Plaintiff was transported to the Sangamon County Jail by the U.S. Marshall Service. Defendants played no role in his transfer. (Affidavit of Robert Kinderman ¶ 14 & 15); (Affidavit of David Mahan ¶ 14 & 15).

12. The Plaintiff was diagnosed with having excess wax in his right ear. (Deposition Excerpt of Plaintiff pg. 37 ¶ 13-24).
13. The Plaintiff's sore throat terminated three to four days after the incident. (Deposition Excerpt of Plaintiff pg. 38 ¶ 5-8).
14. In his complaint, the plaintiff admits that c/o Jim, not a defendant, was the officer who told him to pack his belongings after the assault and that he was moving the plaintiff for his safety. (Plaintiff's Complaint, pg. 5)
15. In his complaint, the plaintiff claims his eyeglasses were broken during the altercation, but admits that his eyeglasses were repaired by July 27, 2004. (Plaintiff's Complaint, pg. 11)

### Discussion and Conclusion

See Fed.R.Civ.P. 56(e) ("[T]he adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth* specific facts showing that there is a genuine issue for trial.") (emphasis added); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' *designate* 'specific facts showing that there is a genuine issue for trial.'") (emphasis added).

United States District Court Local Rule 7.1(D) requires the plaintiff, as the nonmoving party, to list by number each fact from the defendants' Undisputed Material Facts of the summary judgment motion which is conceded to be undisputed and material. Further, the plaintiff must list by number each fact from defendants' undisputed material fact of the summary judgment motion which is claimed to be disputed. Each such claim of disputed fact *must* be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all cited documentary evidence not already submitted by the movant. Plaintiff must also list by number each fact from defendants' undisputed material facts of the summary judgment motion that is claimed to be immaterial (if any) and the reason for such claim. Finally, the plaintiff must list and number each additional material fact raised in opposition to summary judgment motion. Each additional fact must be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all relevant documentary evidence not already submitted by the movant.

Either rule violation could support summary judgment. *See* Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."). USDC Local Rule 7.1(D) (All motions for summary judgment and responses and replies thereto shall comply with the requirement of this rule. Any filing not in compliance may be stricken by the court. The consequences for failing to comply are discussed thoroughly in *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). The court will assume that the facts as claimed by the moving party are admitted to exist without controversy, except as and to the extent that such facts are actually in good faith controverted in the 'statement of genuine issues' filed in opposition to the motion, as supported by the depositions, answers to interrogatories, admissions, and affidavits on file. Here, the plaintiff has not

complied with either Fed. R. Civ. P. 56(e) or L. R. 7.1(D). Here the Plaintiff has not provided any affidavits, depositions, answers to interrogatories or admission. He merely points to his unverified complaint. Further, the plaintiff cannot simply rest on the unverified allegations of his pleadings. Second, the court is not required to look beyond evidence submitted in response to the motion for summary judgment. *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 355 n. 9 (7th Cir. 1992). The plaintiff's failure to provide and point to exhibits attached to his response, rather than to his unverified complaint, not only leaves his "undisputed facts" outside the realm of relevant evidence on summary judgment, it also violates both Federal Rule of Civil Procedure 56(e) and United States District Court Local Rule 7.1(D). Further, he does not meet the exception found in L. R. 7.1(D)(6), which provides that L. R. 7.1(D) does not apply to pro se litigants upon the showing of good cause.

Because the Plaintiff has violated both Federal Rule of Civil Procedure 56(e) and United States District Court Local Rule 7.1(D), the court finds that the facts as claimed by the moving party are admitted to exist without controversy.

The Plaintiff's complaint alleging denial of medical treatment by Kinderman and Mahan does not rise to the level of cruel and unusual punishment, as there was no deliberate indifferent to a serious medical need. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir.2002). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir.2005). To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. The officials must know of and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

In the instant case, the Plaintiff is involved in a brief altercation with another inmate. In his deposition testimony, he indicates he was not bleeding. He states the same inmate who grabbed his neck, hit him once in the head. The Plaintiff only complained of a sore throat and diminished ability to hear in one ear. The Plaintiff was transferred from Christian County Jail to Sangamon County Jail nine days after the incident. Soon thereafter, Plaintiff saw a doctor whom diagnosed him with excess earwax. Additionally, Plaintiff's throat was sore for three to four days after the incident and then pain subsided. The injury the Plaintiff complains of does not rise to the level of cruel and unusual punishment. The Plaintiff's medical condition was not one that had been diagnosed by a physician as mandating treatment or one that was so obvious that even a lay person would perceive the need for a doctor's attention. Furthermore, the

Defendants did not disregard an excessive risk to the Plaintiff's health.  Because the Plaintiff complains of such minor injuries and failed to show a serious need of medical treatment, summary judgment is proper for the Defendants on this claim.

The Plaintiff's claim alleging retaliatory placement in a female cell also fails. Plaintiff admits in his complaint that the correctional officer, Jim advised him that he was being transferred to a holding cell by himself for his safety because he was involved in an altercation with another inmate.  The transfer was not to punish the Plaintiff but it was necessary to house the Plaintiff for his safety.  These measures were taken to assure the Plaintiff went unharmed. Such placement did not deprive Plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States.  The cell Plaintiff was transferred to was not substantially different from the cell he was transferred from.   Even if the placement had been a constitutional violation, the Plaintiff admits in his complaint that it was c/o Jim who placed him in the cell.  The Plaintiff does not allege that any of the Defendants were involved in his placement in the cell.  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 993 (7th Cir.1996) (*quoting Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir.1994)); *see also Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995); *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir.1994). As neither Defendant were involved in the Plaintiff's placement in the female cell, they are entitled to summary judgment.   For the same reasons, the Plaintiff's claim that the Defendants Kinderman and Mahan discriminated against him due to his race and sexual orientation when he was placed in a female cell after being attacked by defendant Kyle Beaty also fails.

Furthermore, it was the U. S. Marshall Service that transported the Plaintiff from Christian County Jail to Sangamon County Jail.  Plaintiff alleges retaliatory transfer to another institution.  However, none of the Defendants played a role in the Plaintiff's transfer. The Defendants are entitled to summary judgment on this claim.

Further, the Plaintiff did not suffer atypical or significant hardship to the ordinary incidents or prison life by being placed in a cell without privileges for two days.  In his complaint, the plaintiff claims his transfer to another cell resulted in a loss of inmate privileges such as television, phone, and comradery with other inmates.  The plaintiff also claims that he could not phone his attorney to advise him about the disciplinary for the assault incident because the phone was not working where he was housed..  The plaintiff claims the loss of these privileges amount to the level of significant hardship to ordinary incidents of prison life.  The Plaintiff has no constitutional right to a television, comradery with other inmates or a phone call to an attorney to seek advice about the discipline charges, if any, for the assault incident.  The court knows of no constitutional right, Sixth Amendment or otherwise, of an inmate in disciplinary segregation to use the phone for legal advice.  *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)(prison disciplinary proceedings are not criminal proceedings).

As to the plaintiff's broken glasses, the intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state

post-deprivation remedy available.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); *see also Parratt v. Taylor*, 451 US 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied* 529 U.S. 1134 (2000).  The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.  *See Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993).  Furthermore, the Plaintiff admitted in his complaint that his glasses had been repaired a few weeks after the incident.  Accordingly, this claim must be dismissed.

There are two remaining claim in this lawsuit: (1) Plaintiff's claim that  defendants David L. Mahan and Robert E. Kinderman failed to protect him from assault by another inmate and (2) Plaintiff's state tort claim against the inmate defendant, Kyle Beaty.

In their summary judgment motion, the Defendants did not address the Plaintiff's claim that defendants David L. Mahan and Robert E. Kinderman failed to protect him although he wrote several grievances to Mahan and Kinderman regarding Inmate Kyle Beaty's conduct and verbal threats made against the plaintiff.  In his complaint, the Plaintiff claims Mahan and Kinderman did not take his grievances seriously, did not respond and failed to protect him in violations of his constitutional rights.  The plaintiff claims that Kyle Beaty physically attacked him on May 31, 2004.  The plaintiff claims that Inmate Kyle Beaty assaulted him causing a swollen esophagus, temporary loss of hearing in one ear and broken eyeglasses.

Accordingly,

1. As there is an adequate state post-deprivation remedy available, the plaintiff's claim regarding his broken glasses is dismissed.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984).
2. The court interprets Defendants, Kinderman's and Mahan's summary judgment motion as a motion for partial summary judgment [50].  Pursuant to Fed. R. Civ. Pro. Rule 56(c), the Defendants, Kinderman's and Mahan's motion for partial summary judgment is allowed [50].
3. The court welcomes a well-supported dispositive motion on the Plaintiff's claim that the Defendants, Kinderman and Mahan failed to protect him from assault by another inmate within fourteen days of this order.

Enter this 21st  day of September 2007.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge