## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DAVINE OLIVER,
                    Plaintiff,

         vs.                                                    04-3199

INMATE KYLE BEATY, SHERIFF
ROBERT E. KINDERMAN, and CHIEF
DEPUTY DAVID L. MAHAN,
                    Defendants.

### MEMORANDUM OPINION AND ORDER

Before the court are the defendants' summary judgment [61] and the plaintiff's response[1] thereto [64].

### Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Any discrepancies in the factual record should be evaluated in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.  *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial."  *See* Fed. R. Civ. P. 56(e).   In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If

---

[1]In his response [64], filed on October 22, 2007, the plaintiff responded that he did not receive a complete copy of the defendants' summary judgment motion.  However, the defendants certified [65] that they sent the plaintiff a complete copy on October 4, 2007 [61] and sent a second copy to the plaintiff on October 23, 2007.  Plaintiff did not file a motion for leave to amend his response.

[the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence."  Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience."  *Visser*, 924 F.2d at 659.

## Background

On September 21, 2007, the court invited the parties to file a well-supported dispositive motion on the plaintiff's claim that the defendants failed to protect the plaintiff from assault by another inmate.  In compliance with the court's order, the defendants submitted a supplemental motion for summary judgment [61].

The plaintiff, Davine Oliver brings this action against the defendants, Christian County Sheriff Robert Kinderman, Christian County Chief Deputy Sheriff David Mahan, alleging constitutional violations under §1983.  The plaintiff alleges a state claim against the defendant, Kyle Beaty, an inmate.

In his complaint, the plaintiff claims that defendants David L. Mahan and Robert E. Kinderman failed to protect him although he wrote several grievances to Mahan and Kinderman regarding Inmate Kyle Beaty's conduct and verbal threats made against the plaintiff.  The plaintiff claims Mahan and Kinderman did not take his grievances seriously, did not respond and failed to protect him in violations of his constitutional rights.

## Undisputed Material Facts[2]

---

[2]  The plaintiff failed to respond to the defendants' disputed facts in accordance with USDC Local Rule 7.1(D) (All motions for summary judgment and responses and replies thereto shall comply with the requirement of this rule.  Any filing not in compliance may be stricken by the court.  The consequences for failing to comply are discussed thoroughly in *Waldridge v. merican Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994).  The court will assume that the facts as claimed by the moving party are admitted to exist without controversy, except as and to the extent that such facts are actually in good faith controverted in the 'statement of genuine issues' filed in opposition to the motion, as supported by the depositions, answers to interrogatories, admissions, and affidavits on file.

1. The plaintiff never expressed a concern for his safety while sharing quarters with Kyle Beaty. (Exhibit "A" Affidavit of Robert Kinderman ¶1) (Exhibit "B" Affidavit of David Mahan ¶ 1).

2. At all times relevant Sheriff Kinderman and Chief Deputy Mahan were unaware of any threats made by Beaty to Plaintiff prior to the incident described in the plaintiff's Complaint. (Exhibit "A" Affidavit of Robert Kinderman ¶2) (Exhibit "B" Affidavit of David Mahan ¶ 2).

3. The plaintiff admits that Beaty and Plaintiff "got along pretty good." (Deposition of Davine Oliver pg. 23 ¶ 17). Plaintiff testified, "…I'm a people person. I really get along with any and everybody. And me and Kyle really---we got along." (Exhibit "C" Deposition of Davine Oliver pg. 23 ¶ 21-23).

4. When asked how Plaintiff was threatened, Plaintiff responded, "[w]ell, he said some gay things. 'Cause I'm bisexually---bisexually gay. I don't remember his exact quotes 'cause I just ---I hear but I don't hear. But, you know--" (Deposition of Davine Oliver pg. 28 ¶¶ 6-9).

5. When asked if the threats were violent, the Plaintiff responded, "[i]t was violent like snitch bitch and stuff like that." (Deposition of Davine Oliver pg. 28 ¶¶11-12). The plaintiff responded to these remarks with, "You're not going to keep disrespecting me." (Deposition of Davine Oliver pg. 28 ¶¶16).

6. "That's why I was really shocked when he attacked me. I was shocked." (Deposition of Davine Oliver pg. 42 ¶¶ 22-23).

7. Oliver was struck in the face and a correctional officer immediately intervened "before he [Beaty] could strike me (Oliver) again. (Plaintiff's complaint pg. 5, ln. 1-2).

## Discussion and Conclusion

First, United States District Court Local Rule 7.1(D) requires the plaintiff, as the nonmoving party, to list by number each fact from the defendants' Undisputed Material Facts of the summary judgment motion which is conceded to be undisputed and material. Further, the plaintiff must list by number each fact from defendants' undisputed material fact of the summary judgment motion which is claimed to be disputed. Each such claim of disputed fact *must* be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all cited documentary evidence not already submitted by the movant. Plaintiff must also list by number each fact from defendants' undisputed material facts of the summary judgment motion that is claimed to be immaterial (if any) and the reason for such claim. Finally, the plaintiff must list and number each additional material fact raised in opposition to summary judgment motion. Each additional fact must be supported by evidentiary documentation, referenced by specific page. The plaintiff must include as exhibits all relevant documentary evidence not already submitted by the movant. The plaintiff failed to follow USDC Local rule 7.1(D). The court notes that even after the defendants asserted in their response to the plaintiff's summary judgment motion that he had not followed the local rule, the plaintiff did not file a motion for leave to amend his summary judgment motion, nor did he file a motion for leave to amend his response to the defendants' summary judgment motion.

In his response [64] to the defendants' summary judgment [61], the plaintiff points to an affidavit that he attached to his motion for summary judgment [62]. However, because his motion for summary judgment did not comply with U.SDC Local Rule 7.1(D)(a)(b), it was strickened from the record. Further, the court is not required to look beyond evidence submitted in response to the motion for summary judgment. *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 355 n. 9 (7th Cir. 1992). The plaintiff's failure to point to exhibits attached to his response, rather than exhibits attached to strickened summary judgment motion, not only leaves many of his facts outside the realm of relevant evidence on summary judgment, it also violates both Federal Rule of Civil Procedure 56(e) and United States District Court Local Rule 7.1(D).

The plaintiff cannot prevail on a claim of failure to protect because he has not shown he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants knew of the harm and were deliberately indifferent to such harm. While there is a general duty to protect prisoners from violence at the hands of other prisoners, not every harm caused by another inmate translates into constitutional liability for the corrections officers and officials responsible for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order for the plaintiff to prevail on a "failure to protect" claim, he must show that he was incarcerated under conditions posing a substantial risk of serious harm, and also that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999). Specifically, the plaintiff must first prove that prison officials were aware of a specific, impending and substantial threat to his safety,often by showing the plaintiff complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90,92 (7th Cir.1996). A "mere possibility of violence" is not sufficient to impose liability on prison officials. *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir.1984). Therefore, in order for the plaintiff to prevail on his failure to protect claim, the defendants must have been aware of a substantial risk that those who acted against the plaintiff would do so, yet the defendants failed to take any action. *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir.2001).

A prison condition is "sufficiently serious" only if it resulted in the "the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Seventh Circuit has stated, "[a]n isolated and short-lived fist fight simply does constitute a denial of "the minimal civilized measure of life's necessities." *Lytle v. Gebhart*, 14 Fed.Appx. 675 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). *See also Oetken v. Ault*, 137 F.3d 613, 614 (8th Cir.1998) (no substantial risk existed where cell mates who fought did not know each other before celled together and no other indication of excessive risk existed). Under *Lytle v. Gebhart*, it is clear that the plaintiff cannot produce evidence of an 8th Amendment claim because the facts simply do not constitute a denial of "the minimal civilized measure of life's necessities". Thus, never making it to a determination of whether a substantial injury occurred.

For the plaintiff to establish his failure to protect claim he must show a "substantial risk of serious harm". To satisfy this requirement, Oliver must show that he experienced a serious

4

harm, and that "there was a substantial risk beforehand that the serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir.2005). Taking the facts in the light most favorable to Oliver, there is no evidence that Oliver was "seriously harmed" or that there was a substantial risk beforehand that serious harm might actually occur. The court noted in it's previous Memorandum Opinion and Order [60], that the plaintiff was involved in a brief altercation with another inmate [and testified]….he was not bleeding". See Memorandum Opinion and Order at pg. 5 ¶3 [60]. "Plaintiff complained of a sore throat and diminished ability to hear in one ear." Memorandum Opinion and Order, pg. 5 ¶3 [60].

"[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* 511 U.S. at 837. The deliberate indifference test is a two step requiring the plaintiff to show that Kinderman and/or Mahan knew of and disregarded an excessive risk to Oliver's safety. The plaintiff has not met this requirement.

Further, the plaintiff has not meet the second prong showing that defendants were deliberately indifferent to his safety. Sheriff Kinderman and Chief Deputy Mahan were unaware of any alleged threats made by Beaty to theplaintiff prior to the incident described in the plaintiff's complaint. (Affidavit of Robert Kinderman ¶2). (Affidavit of David Mahan ¶ 2). At most, Oliver may have orally reported to a random jail official a "mere possibility of violence" and such is not sufficient to impose liability on prison officials. *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir.1984). And even if he did report a possibility of violence to a non-defendant there is no respondeat superior liability under section 1983. Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir.1992). Even if the plaintiff actually reported a specific serious threat to the defendants it is entirely contradictory that the plaintiff would be "shocked" when referring to Beaty making contact with him, ("I was shocked." (Deposition of Davine Oliver pg. 42 ¶¶ 22-23)). If a serious threat were made one would presume the plaintiff would have expected the resulting conduct. The fact that the plaintiff was surprised the attack occurred gives credence to the defendants suggestion that there really was no specific threat to the plaintiff. Moreover, when asked about the alleged threats, the plaintiff could not provide the substance of any threat allegedly made by Beaty, the plaintiff vaguely responded, "[w]ell, he said some gay things. 'Cause I'm bisexually— bisexually gay. I don't remember his exact quotes 'cause I just ---I hear but I don't hear. But, you know--" (Deposition of Davine Oliver pg. 28 ¶¶ 6-9). Oliver cannot articulate a specific threat that Beaty made to further this action and defeat summary judgment. Oliver fails to prove that the Defendants were aware of a specific, impending and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90,92 (7th Cir.1996). When asked if the threats were violent, the plaintiff vaguely responded, "[i]t was violent like snitch bitch and stuff like that." (Deposition of Davine Oliver pg. 28 ¶¶11-12). It is apparent the plaintiff was more concerned with being disrespected in front of other inmates. ("You're not going to keep disrespecting me." (Deposition of Davine Oliver pg. 28 ¶¶16)). The plaintiff submitted numerous requests to jail officials about various mundane matters including hair braiding, afro pick usage, and problems with the telephone. The plaintiff did not complain in

any of these written requests that he had been threatened by other inmates, including Kyle Beaty.

The plaintiff has failed to show that the defendants knew a substantial risk of serious harm existed, and therefore can never state that the defendants disregarded that risk.  However, even if a substantial risk of harm existed, the defendants were not deliberately indifferent because the responding correctional officer immediately arrived on scene, and by the plaintiff's own
admission, stopped the altercation almost instantaneously.  (plaintiff's complaint pg. 5, ln. 1-2).

The facts are undisputed that Oliver was incarcerated under conditions that did not pose a substantial risk of serious harm. Oliver stated he was "shocked" when Beaty struck him because they "got along pretty good."  Furthermore, Oliver was not seriously injured by any constitutional means.  He was hit and a guard immediately intervened.  The defendants did not act with "deliberate indifference".  Oliver failed to show, and it is undisputed, that the defendants were not aware of a specific, impending and substantial threat to Oliver's safety.  Oliver testified that Beaty said some "gay things" and called him a "snitch bitch".  Such comments are rude and inappropriate but not threats that would cause a reasonable person to believe themselves in jeopardy of a substantial consequence.

Defendants did not act with "deliberate indifference" to any danger.  The plaintiff made no grievance that articulated a concern for his safety.  The defendants simply had no reason to believe Beaty and Oliver would become involved in a physical altercation.  Therefore, Kinderman and Mahn are entitled to summary judgment as a matter of law.  Finally, the court notes that as Kinderman and Mahn are entitled to summary judgment, the only remaining defendant is the inmate, Kyle Beaty.  The plaintiff's only claim against Beaty is a state claim.  Having determined no basis for federal jurisdiction remains,  the court declines supplemental jurisdiction over any state claims.  28 U.S.C. Section 1367(c)(3);  *O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002)(upholding dismissal of state claims after constitutional claims disposed of).


**It is therefore ordered:**

**1.**    Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendants' motion for summary judgment [61] is allowed..  The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56.

2.    Having determined no basis for federal jurisdiction remains, the court declines supplemental jurisdiction over any state claims.  28 U.S.C. Section 1367(c)(3);  *O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002).

3.    Any remaining matters are rendered moot.  This case is terminated, with the parties to bear their own costs.

4.    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).  A motion for

leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 22nd day of September 2008.


**s\Harold A. Baker**
_____
Harold A. Baker
United States District Judge